So Ordered.

Signed this 24 day of August, 2026.

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

ROBIN DELAMATER,

Debtor.

Chapter 7
No. 25-10872-1-PGR

AURELIO N. RODRIQUEZ

Plaintiff,

v.

ROBIN DELAMATER

Defendant.

Adv. Pr. No. 25-90017-1-pgr

APPEARANCES:

AURELIO N. RODRIQUEZ *PRO SE*

O'CONNOR, O'CONNOR, MICHAEL J. O'CONNOR, ESQ.
BRESEE & FIRST, PC
*Attorney for Debtor-Defendant Robin Delamater*
20 Corporate Woods Blvd.
Albany, NY 12211

**MEMORANDUM-DECISION AND ORDER**

Presently pending is the Plaintiff's Motion to Amend Complaint and the Debtor's Motion to Dismiss. This Court held a hearing on the Motions on April 16, 2026. Decision was reserved.

**Jurisdiction**

The Court has core jurisdiction over the parties and the subject matter of this contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

On July 31, 2025, Robin Delamater, by and through counsel, filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code. (25-10872-1-pgr, Docket No. 1).

On August 6, 2025, Aurelio N. Rodriguez (the "Plaintiff") filed this adversary proceeding against Robin Delamater (the "Defendant-Debtor"). (Docket No. 1). In the Complaint, Plaintiff asserts two causes of action: (1) nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6); and (2) nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A).

On January 23, 2026, Defendant-Debtor filed a Motion to Dismiss. (Docket No. 48). This Court held a hearing on March 3, 2026, at which Plaintiff indicated he failed to respond to the Motion. Plaintiff was granted leave to file a late response to the Motion, and if such response included a request to file an amended complaint, then Plaintiff was ordered to include a copy of the proposed amended complaint. (*See* Docket Nos. 54 & 55).

Plaintiff filed a Motion to Amend his Complaint and an Objection to Defendant-Debtor's Motion to Dismiss on March 16, 2026. (Docket Nos. 57 & 59). Defendant-Debtor filed a reply objecting to Plaintiff's Motion to Amend. (Docket No. 63).

This Court held a hearing on Plaintiff's Motion to Amend and Defendant-Debtor's Motion to Dismiss on April 16, 2026. Plaintiff appeared *pro se* and Michael O'Connor, Esq. appeared on behalf of the Defendant-Debtor. The matter was deemed submitted and this Court reserved decision.

For the reasons stated below, Plaintiff's Motion to Amend (Docket No. 57) is DENIED, in part, and Debtor's Motion to Dismiss (Docket No. 48) is GRANTED, in part.

**Motion to Amend**

Federal Rule of Civil Procedure 15, as made applicable by Federal Rule of Bankruptcy Procedure 7015, provides that if a party does not amend its pleading within twenty-one days after service of a motion to dismiss, then "a party may

amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a).

Plaintiff's complaint was served on August 6, 2025, and Debtor's Motion to Dismiss was filed on January 23, 2026.[1] The Motion to Amend was not filed until March 9, 2026.

As the Plaintiff sought to amend his Complaint more than twenty-one days after Defendant-Debtor filed her Motion to Dismiss and did not receive written consent to amend, Plaintiff must obtain leave from the court. Fed. R. Civ. P. 15(a)(2).

A court should give leave to amend freely and should only deny a request "for such reasons as unduly delay, bad faith, futility of the amendment, and perhaps most important, resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("It is well established that leave to amend a complaint need not be granted when amendment would be futile.").

"Futility is directly intertwined with the standard for a motion to dismiss. A court may properly deny leave to amend where the amended complaint would not withstand a Rule 12(b)(6) motion to dismiss." *Pergament v. Yerushalmi (In re Yerushalmi)*, No. 07-72816-478, 2009 WL 2982964, at *4 (Bankr. E.D.N.Y. Sept. 14, 2009).

---

[1] The Court held a hearing in another Adversary and Defendant-Debtor's counsel requested time to file dispositive motions in both adversaries. The Court entered a text order stating that any Motion to Dismiss and/or Motion for Judgment on the Pleadings was to be filed on or before January 26, 2026. (25-90027-1-pgr, Docket No. 6).

Plaintiff's Amended Complaint purports to add additional facts to the same causes of action asserted in the original Complaint. As the arguments made in the Amended Complaint are the same, and because the Defendant-Debtor's Motion to Dismiss addresses each argument, this Court will analyze them together in the context of the Defendant-Debtor's Motion to Dismiss.

**Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), empowers the bankruptcy court to dismiss a complaint that "fails to state a claim upon which relief can be granted."

When considering a Rule 12(b)(6) motion, courts must accept all factual allegations as true and draw all inferences in favor of the plaintiff. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

***§ 523(a)(2)(A)***

Plaintiff argues that Defendant-Debtor obtained $1,310 from Plaintiff through false pretenses, false representations, and actual fraud. (Docket No. 57).

Section 523(a)(2)(A) provides that a debt is nondischargeable when the debt is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Plaintiff has moved for nondischargeability

under all three categories – false pretenses, false representation, and actual fraud. The Court will address each in turn.

<u>*Actual Fraud*</u>

To sufficiently plead a claim under § 523(a)(2)(A) for actual fraud, the complaint must allege that: (1) the debtor made a false representation; (2) the debtor knew the representation was false; (3) the debtor made the representation with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained loss or damages that was proximately caused by the false representation. *See Chase Bank, U.S., N.A. v. Vanarthos (In re Vanarthos)*, 445 B.R. 257, 262 (Bankr. S.D.N.Y. 2011); *see also Strategic Funding Source, Inc. v. Donghee Choi (In re Donghee Choi)*, 2019 WL 11031716, at *8 (Bankr. N.D.N.Y. Dec. 20, 2019).

1) False representation

The alleged false representation here is that Defendant-Debtor promised to repay Plaintiff. Plaintiff states that on December 19, 2022, the Defendant-Debtor asked via text message to borrow $1,310 to resolve a "financial problem" and if he would "take payments back." (Docket No. 57, Ex. 1). Plaintiff responded back and said "[s]ure, I'll let you borrow $1310." (*Id.*). Once the funds were delivered, the Defendant-Debtor executed a promissory note stating that she received the $1,310 loan from Plaintiff on December 19, 2022, and agreeing that the loan would be repaid by December 12, 2023. (*Id.*, Ex. 2).

2) Knew was false

Plaintiff alleges that Defendant-Debtor knew the representation was false. He states in his Complaint that Defendant-Debtor had no intention of paying him back. (*Id.* ¶ 15). Specifically, Plaintiff emphasizes that on February 2, 2024, Defendant-Debtor submitted an affidavit in the Albany City Court matter stating she "never received any money" from the Plaintiff and "all gifts went to trash." (*Id.* ¶ 17). Later, in an Albany County Family Court action, Defendant-Debtor admitted that she received funds, but claimed that the funds were a gift and not a loan. (*Id.* ¶ 18); *see also In re Wintermute*, 2010 WL 3386946, at *6 ("If the objection to dischargeability is based upon an unperformed promise, the proponent must show that the debtor did not intend to perform or had no reasonable basis to believe that she could perform when she made the promise." (quoting *In re Mitchell*, 227 B.R. 45, 51 (Bankr. S.D.N.Y. 1998))).

3) Intent to deceive

"[A] false representation as to a future action or promise can constitute scienter if the debtor had no intent to fulfill the promise at the time it was made." *Donghee Choi*, 2019 WL 11031716, at *9.; *see also In re Fan*, 656 B.R. 666, 686 (Bankr. E.D.N.Y. 2024) ("Proof of intent to deceive is measured by the debtor's subjective intention at the time the representation was made." (quoting *Signature Bank v. Banayan (In re Banayan)*, 468 B.R. 542, 576 (Bankr. N.D.N.Y. 2012))). Looking at the totality of the circumstances, courts have found that intent can be implied by later actions. *See Honey Do Men Gutters, Inc. v. Gumbs (In re Gumbs)*,

663 B.R. 227, 237 (Bankr. S.D.N.Y. 2024) ("Intent to deceive may be inferred when the totality of the circumstances presents a picture of deceptive conduct by the debtor, which indicates that he did intend to deceive and cheat the lender." (quoting *Hong Kong Deposit & Guar. Co. v. Shaheen (In re Shaheen)*, 111 B.R. 48, 53 (S.D.N.Y. 1990))).

In *In re White*, the court found that there was a natural inference that debtor never intended to repay the plaintiff when debtor initially promised to repay the plaintiff for an Apple watch but then later told the plaintiff the watch was a gift. 2025 WL 3006094, at *7 (Bankr. C.D. Ill. Oct. 27, 2025). Similarly, Plaintiff in this case alleges that Debtor promised to repay the loan, but that the statements made in the later state court actions, as mentioned above, demonstrate Defendant-Debtor's fraudulent intent to deceive Plaintiff (*i.e.,* that she actually considered the funds a gift and had no intention of repaying the debt). (Docket No. 57 ¶ 42).

4) Justifiable reliance

Plaintiff states that he relied on this representation by providing the funds. (*Id.* ¶ 13); *see Ardizzone v. Scialdone* (*In re Scialdone)*, 533 B.R. 53, 61 (Bankr. S.D.N.Y. 2015) ("[T]he question is whether the named creditor's reliance was 'justifiable;' it is a subjective standard."); *see also Field v. Mans*, 516 U.S. 59, 60 (1995) ("[A] person is justified in relying on a factual representation without conducting an investigation, so long as the falsity of the representation would not be patent upon cursory examination.").

5) Loss

Plaintiff alleges that Defendant-Debtor never paid him back, and that he sustained a loss of $1,330 as a result of Defendant-Debtor's fraud. (Docket No. 57 ¶ 45).

*False Representation*

To sufficiently plead a claim under § 523(a)(2)(A) for false representation, the Complaint must allege that: (1) the debtor made a false or misleading statement; (2) with intent to deceive; (3) in order for the plaintiff to turn over money or property to the debtor. *Am. Honda Fin. Corp. v. Ippolito (In re Ippolito)*, 2013 WL 828316, at *5 (Bankr. E.D.N.Y. Mar. 6, 2013); *Mercer v. Koh Lee* (*In re Koh Lee)*, 2024 Bankr. LEXIS 720, at *24 (Bankr. E.D.N.Y. Mar. 25, 2024); *Myer's Lawn Care Servs., Inc. v. Fragala (In re Fragala)*, 645 B.R. 488, 497 (Bankr. E.D.N.Y. 2022).

As stated above, Plaintiff pled that a false representation was made, (Docket No. 57), with intent to deceive, *see Gumbs*, 663 B.R. at 237 ("Intent to deceive may be inferred when the totality of the circumstances presents a picture of deceptive conduct by the debtor, which indicates that he did intend to deceive and cheat the lender." (quoting *Shaheen*, 111 B.R. at 53)), in order to induce Plaintiff to "part with his property." (Docket No. 57 ¶ 15).

*False Pretenses*

To sufficiently plead a claim under § 523(a)(2)(A) for false pretenses, the complaint must allege that "(1) the [defendant] made an omission or implied

misrepresentation; (2) promoted knowingly and willingly by the defendant[]; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff[]; (4) which wrongfully induced the plaintiff[] to advance money, property, or credit to the defendant." *Ippolito*, 2013 WL 828316, at *6 (alterations in original).

"False pretenses can consist of either conscious deceptive or misleading conduct calculated to obtain, or deprive, another of property. . .or an implied misrepresentation or conduct intended to create a false impression." *Manjula Selvan v. Vasanthakumaran Selvarajah (In re Vasanthakumaran Selvarajah)*, 2025 Bankr. LEXIS 782, at *31 (Bankr. E.D.N.Y. Mar. 31, 2025) (quoting *Zhong Xin v. Heng Li Zhu (In re Heng Li Zhu)*, 2022 Bankr. LEXIS 2239, at *18 (Bankr. S.D.N.Y. Aug. 12, 2022) (internal quotation marks omitted); *see also Minority Equity Cap. Corp. v. Weinstein (In re Weinstein)*, 31 B.R. 804, 809 (Bankr. E.D.N.Y. 1983) ("As distinguished from false representation, which is an express misrepresentation[,] false pretense involves an implied misrepresentation or conduct intended to create and foster a false impression.").

In this case, Plaintiff fails to plead sufficient facts to survive a Rule 12(b)(6) motion to dismiss under § 523(a)(2)(A) for false pretenses. Specifically, Plaintiff does not allege that Defendant-Debtor omitted or misrepresented any information when she asked Plaintiff to borrow $1,310. Plaintiff instead alleges that Defendant-Debtor made express statements. *See Nayyar v. Charles (In re Charles)*, 2019 Bankr. LEXIS 1195, at *8-9 (Bankr. N.D.N.Y. Apr. 19, 2019) (finding plaintiff failed

to plead sufficient facts under a § 523(a)(2)(A) false pretenses claim where plaintiff failed to "allege that the debtor was unemployed or that he had large amounts of outstanding debtors to other creditors that would make performance. . .impossible, or, at the very least, unlikely"); *see also Parkway Bankr & Truste v. Casali (In re Casali)*, 517 B.R. 835, 842 (Bankr. N.D. Ill. 2014) (In contrast to false pretense, "a false representation is an express misrepresentation demonstrated either by a spoken or written statement or through conduct").

Based on the foregoing, the Court finds that the Plaintiff has pled sufficient facts to survive a Rule 12(b)(6) motion to dismiss under § 523(a)(2)(A) with respect to false representations and actual fraud, but has not pled facts sufficient to state a claim based on false pretenses.

***§ 523(a)(6)***

Plaintiff is asking this Court to declare $8,329.74 as nondischargeable because it was obtained by willful and malicious injury to Plaintiff.

Section 523(a)(6) provides that a debt is nondischargeable when the debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity."

To state a claim under § 523(a)(6), a plaintiff must allege sufficient facts that the debtor acted willfully and maliciously. Willfulness requires the plaintiff to allege "a deliberate or intentional injury, not merely. . .a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). A plaintiff

must also allege that the debtor acted with the subjective intent to cause injury or with the subjective belief that injury was substantially certain to result. *See Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). For malice, the plaintiff must allege the Debtor's malicious conduct was "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87 (2d Cir. 1996).

In this case, Plaintiff contends he "commenced lawful, non-harassing efforts to collect on the defaulted debt" of $1,310. (Docket No. 57 ¶ 19). In an effort to avoid repayment, Plaintiff alleges that in October 2023 Defendant-Debtor executed a false Supporting Deposition to the Watervliet Police Department and multiple false family offense petitions. (*Id.* ¶¶ 19-22). Plaintiff also alleges that Defendant-Debtor's statement to the police that she was "extremely nervous and in fear for [her] safety because [Plaintiff] should not know where [she] live[s]" was false because Plaintiff was lawfully attempting to contact Defendant-Debtor regarding the $1,310 owed to him. (*Id.* ¶ 22). Plaintiff contends that, because of Debtor's willful and malicious actions, he suffered from humiliation, a false arrest, the creation of a criminal record, the restriction of his civil liberties via mandatory protective orders, and was forced to appear in city court. (*Id.* ¶ 27). Moreover, Plaintiff allegedly spent $6,921.10 on attorney's fees defending the state court actions. Plaintiff also allegedly suffered lost wages in the amount of $1,408.64 due to Defendant-Debtor's allegedly malicious filings. (*Id.* ¶¶ 35-38).

Additionally, Plaintiff contends the Defendant-Debtor is "collaterally estopped from denying. . .the malicious nature of her police reports, as the facts were fully, fairly, and necessarily litigated in the state court proceedings." (*Id.* ¶34). Supporting this view, Plaintiff states that, at a Family Court hearing, the judge ruled that the "Plaintiff's contact with the Defendant was for the 'legitimate purpose' of seeking repayment." (*Id.* ¶ 32). According to Plaintiff, the Family Court Judge's ruling contradicts Defendant-Debtor's narrative that she was a victim of stalking and supports Plaintiff's contention that the Defendant-Debtor's action in filing the Supporting Deposition to the police was malicious. *Id.*

Under New York law, "the identical issue [must have been] decided in the prior action and is decisive of the present action, and the party had a full and fair opportunity to contest the prior determination." *Id.* (quoting *Parklex Ass'n v. Deutsch (In re Deutsch)*, 575 B.R. 590, 598 (Bankr. S.D.N.Y. 2017)).

Here, Plaintiff fails to allege that the issues in the Family Court proceeding are identical to the issues in this adversary proceeding. Instead, the issue in Family Court was whether Defendant-Debtor demonstrated, by a preponderance of the evidence, that the Plaintiff committed crimes – Stalking in the Third and Fourth Degree, Harassment in the Second Degree, Aggregated Harassment in the Second Degree, Menacing in the Second Degree, and Disorderly Conduct. The Court found that the Defendant-Debtor did not meet her burden and dismissed her petition. (Docket No. 57, Ex. 5). Notably, the Family Court Judge did not conclude that the Defendant-Debtor's actions in filing the petitions were without just cause, were

malicious and willful, and/or retaliatory. *See id.*; *see also Marks*, 666 B.R. at 112 ("[E]ven if the elements of the state-law causes of action alone were not dispositive, the state court's judgment encompassed factual finds that are entitled to preclusive effect as against Debtor. The State Court specifically found that Debtor engaged in retaliatory and necessary harm-intending conduct. . . ."). Additionally, the Family Court Judge did not find that the Debtor's actions in filing a Supporting Deposition, a separate matter from the petitions, was without just cause or was malicious and willful. (*See* Docket No. 57, Ex. 5). Accordingly, Plaintiff's collateral estoppel argument fails.

Looking beyond collateral estoppel, while Plaintiff alleges that Defendant-Debtor filed the Supporting Deposition to the police without just cause and with the intent to cause injury, (Docket No. 57 ¶48), he also alleges that Defendant-Debtor filed the Supporting Deposition and family offense petitions to "evade her financial obligations." (*Id.* ¶ 19). As such, Plaintiff fails to allege that the Defendant-Debtor's only conceivable motive was to injure him, that Defendant-Debtor intended to cause Plaintiff's resulting injuries, or was substantially certain the injuries would occur.

Accordingly, Plaintiff failed to plead facts sufficient to state a claim under § 523(a)(6).

## Conclusion

The Court grants Defendant-Debtor's motion to dismiss (Docket No. 48), in part, and grants Plaintiff's request to amend his complaint, in part (Docket No. 57).

Plaintiff's request to amend his complaint is granted as to his claim under § 523(a)(2)(A) based on alleged false representations and actual fraud, and Defendant-Debtor's Motion to Dismiss is denied as to that aspect of Plaintiff's claim.

Defendant-Debtor's Motion to Dismiss is granted as to Plaintiff's claim under § 523(a)(6), and Plaintiff's request to file an Amended Complaint asserting that claim is denied.

On or before September 8, 2026, Plaintiff shall file and serve an Amended Complaint, asserting only an objection to the dischargeability of a debt under § 523(a)(2)(A) based on alleged false representations and actual fraud.

The Clerk's Office is requested to mail a copy of this Decision and Order to Plaintiff.

###